CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
April 08, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILE DIVISION

| | |
|---|---|
| YVONE W., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No: 3:24-CV-55 |
| v. ) | |
| ) | Robert S. Ballou |
| LELAND DUDEK, ACTING ) | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

  Plaintiff's request for disability insurance benefits has been mired in the administrative process for over twelve years. Plaintiff filed her application for benefits in 2013. It has been denied five times, by three different Administrative Law Judges. Four of those denial decisions were remanded to the Commissioner by the Appeals Council for further action, for various reasons. The fifth and most recent denial decision is now on appeal for review by this court. Rather than filing a brief in support of the denial decision, the Commissioner asks the court to remand Plaintiff's benefits application to the Commissioner once again, for further additional analysis by the agency. Dkt. 15. Plaintiff objects to the Commissioner's motion to remand, asserting that her entitlement to benefits is undisputed on the record, and asks this court to order the Social Security Administration to award benefits. Dkt. 16.

  I am sympathetic to Plaintiff's frustration with the long and winding path of administrative review in this case. I cannot, however, order the Commissioner to award Plaintiff benefits for equitable reasons alone. *See Carr v. Kijakazi*, No. 20-2226, 2022 WL 301540 at *5 (4th Cir. Feb. 1, 2022) (Delay and health concerns are not grounds for directing an award of

benefits). This court's review is limited to a determination of whether the Commissioner's most recent denial decision applies the correct legal standards and is supported by substantial evidence. If the court cannot make that determination based on the record, or if it finds error in the ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). The rare exception to this procedure arises where a record clearly establishes disability, such that "reopening the record for more evidence would serve no useful purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). This case does not present the rare exception where the record clearly establishes disability. Accordingly, I **GRANT** the Commissioner's Motion to Remand, **REVERSE** the Commissioner's decision, and **REMAND** this case to the Commissioner for further consideration.

## I.    BACKGROUND

Plaintiff Yvonne W., ("Yvonne"), filed for disability insurance benefits ("DIB") on August 22, 2014, claiming that her disability began on July 15, 2013 due to Sjogren's syndrome, rheumatoid arthritis, thyroid disease, scoliosis, chronic fatigue, restless leg syndrome, Raynaud's phenomenon, and insomnia. On November 22, 2017, Administrative Law Judge ("ALJ") Holly Munday entered a decision denying Yvonne's claim for benefits. Following this initial denial decision, the Appeals Council remanded the case to the Commissioner four subsequent times, all for varied reasons.

Specifically, on December 6, 2019, the Appeals Council remanded the case in response to a challenge under the Appointments Clause of the U.S. Constitution. On June 22, 2020, ALJ Brian Rippel entered a decision denying Yvonne's claim for benefits. On review, the Appeals

Council remanded the case to the Commissioner and directed the ALJ to consider the time period from July 14, 2013 through June 30, 2019. ALJ Rippel issued another denial decision on October 12, 2021. On review, the Appeals Council remanded the case to the Commissioner, finding that ALJ Rippel did not apply the appropriate opinion evidence analysis for claims filed prior to 2017.

On March 15, 2023, ALJ Carol Moore entered a decision denying Yvonne's claim for benefits. On July 13, 2023, the Appeals Council remanded the case to the Commissioner to consider new material evidence relating to the period at issue. Following this remand, ALJ Moore entered a decision on February 15, 2024, denying Yvonne's claim for benefits. The Appeals Council denied Yvonne's request for review, and Yvonne appealed to this court.

Yvonne filed a brief in support of her appeal requesting that the court vacate the Commissioner's decision denying benefits and order the Commissioner to award benefits; or, in the alternative, remand for further proceedings including a *de novo* hearing and new benefits decision. Dkt. 12. The Commissioner filed a motion to remand this case pursuant to the fourth sentence of 42 U.S.C. § 405(g), asserting that "further administrative proceedings and development is warranted." Dkt. 15. Yvonne objects to the Commissioner's motion to remand, and requests an order directing the agency to award benefits.

## II.    DISCUSSION

Only in "rare circumstances" may courts within the Fourth Circuit reverse a Social Security appeal and order payment of benefits. *Radford v. Colvin*, 734 F.3d at 295. The reviewing court does not engage in de novo review or reweigh evidence presented to an administrative law judge (ALJ) related to a Social Security disability determination. *Id.* at 296. The court limits its review to whether a determination rests upon substantial evidence and applied the correct legal

3

principles. *Westmoreland Coal Co., Inc. v. Cochran*, 718 F.3d 319, 322 (4th Cir. 2013). If this limited review identifies harmful error, the proper course is to remand to the agency for additional investigation or explanation. *Radford*, 734 F.3d at 296. The rare exception to this procedure arises where a record clearly establishes disability, such that "reopening the record for more evidence would serve no useful purpose." *Breeden*, 493 F.2d at 1012. In such circumstances, courts may reverse the Commissioner's final decision without remanding the case for a rehearing and order an award of benefits. *Arakas v. Comm'r*, 983 F. 3d 83, 111 (4th Cir. 2020).

  Here, Yvonne contends that the ALJ erred by failing to give greater weight to treating physician Michael Ackerman, D.O.'s opinions. Yvonne asserts that Dr. Ackerman's opinions deserve controlling weight, which would limit her to sedentary work in the RFC. Yvonne further argues that previous vocational expert testimony established that she could not perform her past work under Dr. Ackerman's lifting restrictions, which would invoke a favorable grid rule. Yvonne asserts that "no medical source in the record provides substantial evidence to reject the restrictions assessed by Dr. Ackerman." Dkt. 16. However, Yvonne also notes that Dr. Ackerman's opinion is contradicted by two state agency opinions, which the ALJ gave less weight.

  The Commissioner concedes that the recent ALJ denial decision should not be upheld, but counters that a direct award of benefits is not appropriate in this case because the record does not unambiguously establish disability. The Commissioner argues that Dr. Ackerman's findings are disputed, noting that the state agency's medical consultants disagreed with Dr. Ackerman's conclusions, and that the ALJ found inconsistencies between Dr. Ackerman's opinions and his treatment notes. Thus, even if the ALJ gives greater weight to Dr. Ackerman's opinions on

4

remand, the court can only speculate how that weight would translate into limitations in the RFC. The Commissioner argues that remand for further administrative proceedings is the appropriate remedy to resolve such disputed factual issues.

This case is not one of the rare exceptions where the record clearly establishes disability, such that "reopening the record for more evidence would serve no useful purpose." *Breeden v.*, 493 F.2d at 1012. First, the significant length of time that Yvonne's application has been pending is not in itself reason to award benefits. *See Breeden*, 493 F.2d at 1011–12; *Daisy H. v. O'Malley*, No. 3:22cv688, 2024 WL 393273, at *9 (E.D. Va. Jan. 12, 2024) ("while the Court sympathizes with Plaintiff on the continuing length and growing record of her case, such equitable considerations, like the protracted length of litigation, alone do not render a direct award of benefits proper.")

Further, Yvonne's assignment of error regarding the analysis of Dr. Ackerman's opinions involves the weighing of conflicting evidence, and an explanation of how Dr. Ackerman's opinions translate into RFC restrictions. Yvonne argues that the record is undisputed because "[n]o medical source in this record provides substantial evidence to reject the restrictions assessed by Dr. Ackerman." Dkt. 16, p. 3. However, the record contains two medical source opinions finding Yvonne's impairments to be non-severe. While the ALJ gave these opinions less weight, they present conflicting evidence to be weighed by the factfinder. Additionally, the ALJ determined that Dr. Ackerman's recommended limitations are contradicted by his own examinations of Yvonne, by her objective function tests in the record, and by her treatment history. The ALJ also noted that Dr. Ackerman's lifting restrictions appeared to be based on restrictions from Yvonne's 2013 pelvic surgery that were not intended to be permanent. These issues present evidentiary conflicts relating to the weight given to Dr. Ackerman's opinions that

5

must be resolved by the ALJ, not the reviewing court. *See Carr*, 2022 WL 301540, at *5 (remand is the appropriate remedy when "there is at least conflicting evidence in the record bearing on the ALJ's RFC assessment"). Reopening the record on remand would permit the ALJ to correct any errors in her assessment of Dr. Ackerman's opinions and resolve any unanswered questions regarding Yvonne's RFC restrictions. The record currently before the court does not clearly establish that Yvonne is disabled and entitled to benefits.

### III. CONCLUSION

Accordingly, it is **ORDERED** that the Commissioner's Motion to Remand is **GRANTED**, the final decision of the Commissioner is **REVERSED**, and the case is **REMANDED** pursuant to sentence four of 42 U.S.C. §405(g) for further administrative proceedings. A separate final judgment will be entered.

Entered: April 8, 2025

*Robert S. Ballou*

Robert S. Ballou
United States District Judge